UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER SPYTEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration<br><br>　　　　Defendant. | Case No. C08-421-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Peter Spytec filed an application for Title II benefits on January 11, 2002. His claim was denied at the initial and reconsideration stages, and again by the Administrative Law Judge ("ALJ") after a disability hearing. After the Appeals Council denied plaintiff's request for review, plaintiff filed a civil action in this court. *Spytek v. Barnhart*, C03-3193-TSZ, Dkt. No. 1 (W.D. Wash. 2004). This court reviewed the claim and remanded the case to the Appeals Council for further administrative proceedings, *Id*. Dkt. No. 14, which in turn remanded it to the ALJ. The ALJ again denied plaintiff benefits, and on September 23, 2005, plaintiff filed exceptions with the Appeals Council. The Appeals Council, to date, has not assumed jurisdiction, and on March 13, 2008, plaintiff filed a second civil action with this Court. Dkt. No. 1. On April 23, 2008 the Commissioner filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, arguing that plaintiff has

REPORT AND RECOMMENDATION
PAGE – 1

failed to exhaust his administrative remedies. Dkt. No. 4. For the reasons set forth below, the Court recommends that the Commissioner's motion to dismiss be DENIED and that the Commissioner file its answer and the record in sixty days unless, during that time, the Appeals Council rules on plaintiff's exceptions.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff applied for Title II disability benefits on January 11, 2002, for a back injury he claims was sustained on December 31, 1996. On June 10, 2003, the ALJ denied the plaintiff's application, apparently because plaintiff failed to provide sufficient evidence showing that the injury occurred while he was insured. The Appeals Council later denied plaintiff's request for review, at which point the ALJ's decision became the "final decision" of the Commissioner, as that term is defined by 42 U.S.C. § 405(g). On October 24, 2003, plaintiff filed a civil action with this court, and on August 27, 2004, the Honorable Thomas S. Zilly reversed and remanded the case to the Appeals Council for further proceedings. *Spytek*, C03-3193-TSZ, Dkt. No. 14. On November 29, 2004, the Appeals Council remanded the case to the ALJ, and on September 8, 2004, the ALJ again denied the plaintiff's application. Dkt. No. 9, Ex. 1. The ALJ's decision became the final decision of the Commissioner, after which plaintiff had an option to file exceptions with the Appeals Council or bring a civil claim in this Court. Dkt. No. 4 at 2; 20 C.F.R. § 404.984(a). Plaintiff chose to file exceptions with the Appeals Council, which the Appeals Council received on September 23, 2005. Dkt. No. 5 at 3. Since that time, plaintiff's exceptions have been pending. On March 13, 2008, plaintiff filed a civil action in this Court, and on April 23, 2008, the Commissioner moved to dismiss this case for failure to exhaust administrative remedies.

## III. DISCUSSION

A. <u>Fed. R. Civ. P. 12(b)(1) Standard of Review</u>

A court may dismiss a case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). When deciding a 12(b)(1) motion, the court must accept as true all allegations of

REPORT AND RECOMMENDATION
PAGE – 2

01  fact in the complaint and construe those facts in the light most favorable to plaintiff.

02  *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). However, the court does

03  not assume the truth of conclusory allegations and unwarranted inferences, *Halkin v.*

04  *VeriFone*, 11 F.3d 865, 868 (9th Cir. 1993), nor must the court assume the truth of legal

05  conclusions merely because they are cast in the form of factual allegations. *Western Mining*

06  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A defendant may challenge jurisdiction

07  under Rule 12(b)(1) either on the face of the pleadings or by presenting extrinsic evidence.

08  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where jurisdiction and the merits

09  intertwine, the court must "assume[] the truth of the allegations in a complaint . . . unless

10  controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177

11  (9th Cir. 1987).

12         B.     <u>Plaintiff Has Properly Exhausted His Administrative Remedies</u>

13         The Commissioner contends that this Court lacks subject-matter jurisdiction because

14  plaintiff has failed to exhaust his administrative remedies. Dkt. No. 4. In order to exhaust

15  those remedies, plaintiff must obtain a "final decision" from the Commissioner. 42 U.S.C. §

16  405(g) (authorizing judicial review only for "final decision[s] of the Commissioner of Social

17  Security made after a hearing."). Once the Commissioner issues a final decision, the claimant

18  may seek review of that decision by filing a civil action in a United States District Court. *Id*.

19  If the federal district court remands the case for further consideration, the decision of the

20  [ALJ] on remand will become the final decision of the Commissioner, unless the Appeals

21  Council assumes jurisdiction of the case. 20 C.F.R. § 404.984(a). In this case, plaintiff's

22  application was remanded by this court to the Appeals Council and in turn to the ALJ, who

23  conducted another hearing and again found plaintiff not disabled. Dkt. No. 4 at 2. The

24  ALJ's decision notified plaintiff of his right either to file exceptions with the Appeals Council

25  within thirty days or to file a new civil action in this court. Dkt. No. 9, Ex. 1. Therefore,

26  both by statute and the ALJ's order, the ALJ's decision became the final decision of the

Commissioner.

Plaintiff chose to file exceptions with the Appeals Council and, for two-and-a-half years, the Appeals Council has failed to review his case. The Commissioner argues that plaintiff forfeited his right to proceed directly to federal court when he chose to file exceptions. Dkt. No. 4 at 5. He further asserts that if a plaintiff files exceptions he must wait until the Appeals Council either affirms the ALJ's decision or assumes jurisdiction and makes a new decision before plaintiff can proceed to federal court. Dkt. No. 4 at 4. To support this argument the Commissioner cites *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975), which held, "[t]he term 'final decision' is not only left undefined by the Act, but its meaning is left to the [Commissioner] to flesh out by regulation," and the Code of Federal Regulations, which explains that, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand." 20 C.F.R. § 404.984(d).

The Commissioner's interpretation of the statute confuses necessity with sufficiency. According to his interpretation, in order for the ALJ's decision to become the final decision of the Commissioner, the plaintiff *must not* file exceptions and the Appeals Council *must not* assume jurisdiction. However, the word "if" rather than the phrase "only if" at the beginning of the sentence indicates that if no exceptions are filed, and the Appeals Council does not assume jurisdiction, this condition is *sufficient* for the decision of the ALJ to become the final decision of the Commissioner after remand, but it is not *necessary*. The Commissioner's interpretation that this condition is *necessary* to render a final decision is inconsistent with 20 C.F.R. § 404.984(a), which states that "the decision of the ALJ will become the final decision of the Commissioner *unless* the Appeals Council assumes jurisdiction of the case." *Id.* (emphasis added). In this case, the parties agree that the Appeals Council has not assumed jurisdiction. Dkt. No. 4 at 2, Dkt. No. 9 at 3, *and* Dkt. No. 5 at 3. Therefore, the ALJ's decision remains the Commissioner's final decision.

REPORT AND RECOMMENDATION
PAGE – 4

01        Furthermore, the Commissioner's argument, if followed to its logical conclusion, would authorize the Appeals Council to violate the due process rights afforded to social security claimants. Under the Commissioner's rationale, plaintiff's claim could be held in suspension indefinitely with no possibility of judicial review. Dkt. No. 9 at 1. Claims for Social Security benefits are time sensitive. Claimants rely on their benefits to afford the day-to-day cost of living, and often do not have another source of income. *Cf. Martinez v. Richardson*, 462 F.2d 1121, (10th Cir. 1973) ("It may be possible through the administrative route to correct this practice . . . but it would be a long and tedious process, and by the time these elderly and infirm plaintiffs followed out this remedy they might be no longer with us."); *Markva v. Haveman*, 168 F. Supp. 2d 695, 719 (E.D. Mich. 2001) ("denial or delay in benefits which effectively prevents plaintiffs from obtaining needed medical care constitutes irreparable harm."). The Court finds that prohibiting claimants from exercising their right to proceed to federal court once they have filed exceptions with the Appeals Council, and allowing the Appeals Council to sit on their claims for two-and-a-half years and more, unnecessarily delays these time-sensitive proceedings. Although, the Court eschews ruling on the constitutionality of this behavior, it is clear that such a procedure offends the most basic level of due process and can cause irreparable harm to claimants who rely on benefits for daily sustenance.

        Finally, the Commissioner reminds the Court of the exhaustion doctrine's various purposes, including "protecting administrative agency authority and promoting judicial efficiency." Dkt. No. 4 at 5 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). The Court finds that because plaintiff already exhausted his administrative remedies once and earned the right to proceed directly to federal court, these and other purposes of the exhaustion doctrine have been served. To this end, the Court cannot overlook the irony of the fact that the Commissioner cited "judicial efficiency" as a reason for allowing the Appeals Council to delay plaintiff's case beyond the two-and-a-half years it has had to act. Dkt. 4 at 5.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss be DENIED, but affording the Appeals Council sixty days to rule on plaintiff's exceptions.  No later than Wednesday, September 14, 2008, the Commissioner shall file its answer and the administrative record in this case, unless the Appeals Council has ruled on the exceptions.  A proposed order accompanies this Report and Recommendation.

DATED this 14th day of July, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge